IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINTON BROOKS JR., | ) | 4:07CV3226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| MOTOR VEHICLES, and DAVE | ) | |
| BELL, Fraud Investigator, Deputy | ) | |
| State Sheriff, in his personal and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint on September 18, 2007. (Filing No. 1.) On October 23, 2007, Plaintiff was given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's complaint was filed on September 18, 2007 against two Defendants, the Nebraska Department of Motor Vehicles (the "DMV") and Deputy State Sheriff Dave Bell. (Filing No. 1 at CM/ECF p. 1.) Plaintiff states that Defendant Bell is sued in both his "personal" and his official capacity. The court construes "personal" capacity as individual capacity. Plaintiff alleges that Defendant Bell is an officer of the DMV and a "fraud investigator" for that agency. (*Id.*)

Condensed and summarized, Plaintiff's complaint relates to an incident which occurred near Plaintiff's residence on August 27, 2007. (*Id.* at CM/ECF p. 2.) Plaintiff alleges that Defendant Bell "waved" him down as he was approaching his

residence on that date. Bell requested that Plaintiff speak with him inside Plaintiff's residence. (*Id.*) Plaintiff stated that he was "in a rush" and requested that Bell come back later. (*Id.*)

According to Plaintiff, Bell then "pull[ed] his hand gun" and yelled at Plaintiff to put his hands behind his back because "Plaintiff was going to jail." (*Id.* at CM/ECF pp. 2-3.) When Plaintiff questioned Bell regarding the reason for his arrest, Bell "knocked plaintiff to [the] ground" while Plaintiff was already handcuffed and yelled profanities at him. (*Id.* at CM/ECF p. 3.) Bell eventually informed Plaintiff that he was accused of "driving during suspension." (*Id.*) Plaintiff was unable to get up from the ground without assistance due to "bad knees." (*Id.*)

Plaintiff alleges that he was given two citations by Defendant Bell. Plaintiff seeks damages in the amount of "$500,000 for assault and battery, $225,000 for excessive use of force, $275,000 for violation[s] of Plaintiff['s] constitutional rights" and any other relief the court "deems just." (*Id.* at CM/ECF p. 4.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See*

*generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Claims Against Defendant Bell

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Plaintiff here alleges that Defendant Bell pulled his gun out and yelled profanities at Plaintiff during his arrest. Liberally construed, Plaintiff alleges that Defendant Bell knocked him to the ground *after* he was already handcuffed and cooperating. (Filing No. 1 at CM/ECF p. 3.) Plaintiff has set forth enough facts to nudge his claims against Defendant Bell across the line from conceivable to plausible. As a result, Plaintiff's claims against Defendant Bell may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### B. Claims Against the DMV

The Eleventh Amendment to the U.S. Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). In addition, "a

State is not a 'person' as that term is used in [42 U.S.C.] § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Public Railways Com'n*, 502 U.S. 197, 199-201 (1991), *citing Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska, its agencies and instrumentalities, or its employees in their official capacity for monetary relief.

Here, Plaintiff seeks to sue the DMV and seeks only monetary relief against that agency. (Filing No. 1 at CM/ECF p. 4.) However, the DMV is an agency of the State of Nebraska and cannot be sued for monetary relief. Plaintiff's claims against the DMV must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendant Dave Bell as set forth in this memorandum and order.

2. To obtain service of process on Defendant Bell, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms (for service on Defendant Bell in both his individual and official capacities) to Plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ.

P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "April 22, 2008: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8. Plaintiff's claims against Defendant the Nebraska Department of Motor Vehicles are dismissed without prejudice.

December 26, 2007.  BY THE COURT:

　　　　　　　　　　　　　　　　　s/ Joseph F. Bataillon
　　　　　　　　　　　　　　　　　Chief United States District Judge