IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINTON BROOKS JR., | ) | 4:07CV3226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAVE BELL, Fraud Investigator, | ) | |
| Deputy State Sheriff, in his personal | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Dave Bell's Motion to Dismiss. (Filing No. 13.) In support of his Motion, Defendant filed a Brief in Support. (Filing No. 14.) Plaintiff filed a Response and Motion to Overrule Defendant's Motion to Dismiss. (Filing No. 18.) Also pending is Defendant's Motion to Stay. (Filing No. 15.) As set forth below, the Motion to Dismiss is granted and the Motion to Stay is denied as moot.

## I.  BACKGROUND

Plaintiff's Complaint was filed on September 18, 2007 against two Defendants, the Nebraska Department of Motor Vehicles (the "DMV") and Deputy State Sheriff Dave Bell ("Bell"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff sued Bell in both his individual and official capacities. (*Id.*) Plaintiff seeks $1,000,000 in monetary relief and does not seek injunctive or other relief. (*Id.* at CM/ECF p. 4.) Upon initial review of the Complaint, the court dismissed the claims against the DMV because it is entitled to sovereign immunity. (Filing No. 6.) However, the court permitted Plaintiff's Fourth Amendment claim against Defendant Bell to proceed to service. (*Id.*)

On April 3, 2008, Bell filed a Motion to Dismiss, arguing that he is also entitled to sovereign immunity for the claims against him in his official capacity. (Filing No. 13.) Bell also filed a Motion to Stay, in which he sought a stay of these proceedings until the court ruled on his Motion to Dismiss. (Filing No. 15.) Plaintiff filed a Response to both Motions which generally reasserts the allegations contained in the Complaint. (Filing No. 18.)

## II.   DEFENDANT'S PENDING MOTIONS

### A.   Motion to Dismiss

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, there is no question that Defendant Bell is an employee of the State of Nebraska. In his Complaint, Plaintiff refers to Defendant Bell as an "Officer" of the "Nebraska Department of Motor Vehicles." (Filing No. 1 at CM/ECF p. 1.) Further, Plaintiff identifies Bell as a "Deputy State Sheriff." (*Id.*) Because Defendant Bell is a state employee, he is entitled to the same sovereign immunity as his employer, the DMV. There is no indication that the State of Nebraska, the DMV, or Bell have waived that sovereign immunity. Bell's Motion to Dismiss is therefore granted and this matter will proceed against Bell in his individual capacity only.

### B. Motion to Stay

Also pending is Bell's Motion to Stay, which requests that the court stay these proceedings until his Motion to Dismiss is resolved. (Filing No. 15.) In particular, the Motion to Stay requests that the date for filing an answer to Plaintiff's Complaint be extended until 30 days after the resolution of the Motion to Dismiss. (*Id.*) However, Bell filed his Answer eight days after the filing of the Motion to Stay, before the time in which to respond to the Motion had passed. (Filing No. 17.) The Motion to Dismiss has now been resolved, the Answer has been filed, and this case is now ready for progression. The Motion to Stay is moot.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (filing no. 13) is granted. Plaintiff's claims against Defendant Bell in his official capacity are dismissed.

      2.     This matter will proceed against Defendant Bell in his individual capacity only.

      3.     Defendant's Motion to Stay (filing no. 15) is denied as moot.

      4.     A separate order will be entered progressing this case towards final disposition.

August 18, 2008.              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Chief United States District Judge