IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINTON BROOKS JR., | ) | 4:07CV3226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAVE BELL, Fraud Investigator, | ) | |
| Deputy State Sheriff, in his personal | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment. (Filing No. 32.) In support of his Motion, Defendant submitted a Brief (filing no. 33) and Index of Evidence (filing no. 34). Plaintiff submitted a Motion Opposing Summary Judgment (filing no. 35), Affidavits (filing nos. 36 and 38), and Index of Evidence (filing no. 37). As set forth below, Defendant's Motion for Summary Judgment is granted.

## *I.   BACKGROUND*

Plaintiff Clinton Brooks Jr. ("Brooks") filed his Complaint in this matter on September 18, 2007. (Filing No. 1.) Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and, liberally construed, alleges that Defendant violated Plaintiff's Fourth Amendment right to be free from an unreasonable search and seizure. After initial review, the court permitted Brooks to proceed on his claims against Defendant Dave Bell ("Bell"). (Filing No. 6.) The claims against Bell in his official capacity were later dismissed. The only remaining claim is a Fourth Amendment claim against Bell in his individual capacity only. (Filing No. 19.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

Bell has submitted a statement of material facts supported by affidavits, in accordance with the court's Local Rules. Additionally, Brooks has submitted a "concise response" to those facts by way of an Affidavit. (Filing No. 38.) Other than the affidavits on file, neither party has submitted evidence which was properly authenticated by affidavit.[1] With this in mind, this matter is deemed fully submitted.

## II. RELEVANT UNDISPUTED FACTS

The following material facts are undisputed.

1. On August 27, 2007, in the course of a fraud investigation, Bell met Plaintiff on the street outside of Plaintiff's residence. Both Bell and Brooks were in motor vehicles at the time of the meeting. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2; Filing No. 36 at CM/ECF pp. 2-3.)

---

[1] To be clear, Plaintiff submitted several documents in his Index of Evidence, including several letters, photographic "simulations," and Bell's reports. (Filing No. 37.) None of these documents are properly authenticated and therefore will not be considered. However, even if the documents were properly authenticated and considered, the decision of the court would not be affected.

2.      Bell motioned Brooks to stop and get out of his car. Bell and Brooks both exited their vehicles. (Filing No. 34-2, Attach. 1, at CM/ECF p. 2; Filing No. 36 at CM/ECF pp. 2-3.)

3.      Bell questioned Brooks regarding individuals involved in the fraud investigation. (Filing No. 34-2, Attach. 1, at CM/ECF pp. 2-3; Filing No. 36 at CM/ECF pp. 2-4.)

4.      In the course of questioning, Bell handcuffed Brooks and asked him to sit down. Plaintiff complied. (Filing No. 34-2, Attach. 1, at CM/ECF p. 3; Filing No. 36 at CM/ECF p. 3.)

5.      Prior to handcuffing Brooks, Bell requested back up from the Lincoln Police Department, and Officer Nichole Loos ("Loos") responded to that call. (Filing No. 34-2, Attach. 1, at CM/ECF p. 3; Filing No. 36 at CM/ECF p. 3.)

6.      Upon the arrival of Officer Loos at Brooks' residence, Bell and Loos helped Brooks get up from the ground and removed the handcuffs. (Filing No. 34-2, Attach. 1, at CM/ECF p. 3; Filing No. 36 at CM/ECF pp. 3-4.)

7.      Bell issued Brooks a traffic citation that was not submitted because Brooks obtained a valid driver's license. (Filing No. 34-2, Attach. 1, at CM/ECF p. 4; Filing No. 36 at CM/ECF pp. 4-5.)

### III.   ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). *See also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). That is, the nonmoving party "must substantiate his allegations with 'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

**B.    Defendant's Motion**

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. Graham v. Connor, 490 U.S. 386, 394-95 (1989); *see also* Littrell v. Franklin, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth

Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Additionally, "a de minimus use of force or injury is insufficient to support a finding of a constitutional violation." *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003) (affirming grant of summary judgment to the defendants on excessive force claim where claim was based on being "struck or pushed" five times and where the plaintiff failed to support her injury claims with medical records). Stated another way, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (quotation omitted); *see also Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1081-82 (8th Cir. 1990) (affirming grant of summary judgment to the defendants on excessive force claim where claim was based on being pushed into a wall and handcuffed too tightly and where claims of pain and nerve damage were not supported medical records).

Here, the parties agree that Brooks and Bell met outside of Brooks' residence while Bell was conducting a fraud investigation. Bell questioned Brooks, handcuffed him and asked him to sit down. Brooks complied and remained on the ground until Loos arrived. Bell and Loos helped Plaintiff to his feet and Bell removed the handcuffs. However, the parties disagree regarding several other material facts. In Brooks' version of the facts, which the court takes as true for summary judgment purposes, Bell was irate and yelling profanities at him including that he was "the police" and that Brooks must comply with his orders. (Filing No. 36 at CM/ECF p. 3.) Bell had his gun "trained" on Brooks prior to handcuffing him. After Brooks was handcuffed, Bell ordered Brooks to the ground. Brooks attempted to sit down voluntarily but has "bad knees." Bell then "knocked Mr. Brooks to the ground" rather than waiting for Plaintiff to sit down voluntarily. (*Id.* at CM/ECF p. 3.)

Accepting Brooks' version of the facts as true, the pushing of Brooks to the ground is a de minimus use of force. As in *Crumley* and *Foster*, being pushed to the ground one time is insufficient to support a Fourth Amendment claim as a matter of law. Further, Plaintiff's injuries as a result of this incident consist of an exacerbation of his already-existing arthritis. However, Brooks has not submitted any medical evidence supporting his injury claims. As in *Crumley*, summary judgment in favor of Defendant is proper here because the force used was de minimus, and because Brooks' "injuries are too minor to support an excessive force claim." *Crumley*, 324 F.3d at 1008. In short, even if all of the events happened as described by Brooks, his claims do not amount to a Fourth Amendment violation.

IT IS THEREFORE ORDERED that:

1.      Defendant's Motion for Summary Judgment (filing no. 32) is granted.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

3.  All other pending motions are denied.

January 30, 2009.                    BY THE COURT:

                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge